IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| NYHEAM JONES | : | NO. 06-238 |

<u>MEMORANDUM</u>

Bartle, C.J.                                                September 28, 2009

      Defendant Nyheam Jones has filed a motion under 18 U.S.C. § 3582(c) for a reduction in sentence.

      Defendant pleaded guilty before Judge Bruce W. Kauffman to one count of possession with intent to distribute five grams or more of cocaine base (18 U.S.C. § 841(a)(1)), one count of possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)).  Judge Kauffman sentenced him to 70 months on Counts I and III, plus a consecutive sentence of 60 months on Count II, for a total of 130 months.  Defendant's guideline range on Counts I and III, with a total offense level of 23 and a criminal history category of IV was 70 to 87 months.

      Since that time, the Federal Sentencing Commission has amended § 2D1.1 of the Sentencing Guidelines and reduced by two levels the various offense levels for cocaine base.  The amendments are retroactive.  It is undisputed that the amendments

have reduced the guideline sentencing range for Counts I and III for Jones from 70 to 87 months to 57 to 71 months.

The court has discretion whether to reduce defendant's sentence.  In making a decision, the court must consider the sentencing factors under 18 U.S.C. § 3553(a).  See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  The government opposes any reduction due to defendant's violent criminal history as well as several infractions while incarcerated.  In reviewing his prior history including the charges to which he pleaded guilty as well as the sanctions imposed on him in prison for refusing to obey orders, refusing to work, and giving or receiving money without authorization, we find that any lessening of his sentence is not warranted.  The current sentence without any reduction, in our view, is necessary to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(2)(c).  Finally, we note that a sentence of 70 months on Counts I and III is still within the new guideline range of 57 to 71 months.

Accordingly, the motion of Nyheam Jones for a reduction in sentence will be denied.